IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SAMMIE C. SIMPSON, III,

    Plaintiff,

vs.                            Civil No.: _____

G4S SECURE SOLUTION (USA), INC.,

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, Sammie C. Simpson, pro se, and for his cause of action against the Defendant states and alleges as follows:

PARTIES

1. Plaintiff, Sammie C. Simpson, was and is now a resident of Memphis, Tennessee, and is a "qualified individual with a disability" under the Americans with Disabilities Act ("ADA"). He is presently seeking re-instatement as a Security Officer.

2. Defendant, G4S Secure Solution (USA), Inc. (hereinafter "Defendant") is a corporation doing business in the state of Tennessee as a provider of security services. Defendant's principal office is located at 1395 University Blvd, Jupiter, Florida, 33458-5289-5080 and it can be served with process by and through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee.

3. Defendant, G4S Secure Solution (USA), Inc. is an employer in the state of Tennessee with more than 15 employees and thus is a "covered entity" under the ADA, 42 U.S.C.A. § 12111(2).

4. Defendant made the direct determination to improperly terminate the employment of the Plaintiff.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this court pursuant to 28 U.S.C.A. § 1331 which authorizes original jurisdiction on the district court of all civil actions arising under the Constitution, laws or treaties of the United States.

6. Jurisdiction is also conferred upon this court pursuant to 28 U.S.C.A. § 1343(c)(4) which grants jurisdiction to the district court of any action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

7. Jurisdiction also exists pursuant to 28 U.S.C.A. § 1367(a) which authorizes jurisdiction over state law claims that are so related to the other claims in this lawsuit that they form part of the same case and controversy.

8. Venue is proper pursuant to 28 U.S.C.A. § 1391(e) which authorizes that a civil action may be brought in a judicial district in which a substantial part of the events or commissions giving rise to the claim occurred. Plaintiff worked as a Security Officer for defendants in Memphis, Tennessee.

9. Because the Plaintiff is and was a qualified individual with a disability, and because the defendants terminated the Plaintiff's employment due to his disability, the defendants have discriminated against the Plaintiff in violation of 42 U.S.C.A. § 12112(a).

10. In November, 2011, the Plaintiff began employment as a Security Officer at Defendant's facility located at 1760 Mt. Moriah Woods Blvd., Memphis, Tennessee and Defendant knew of Plaintiff's learning disability.

11. Between that time and March 1, 2012, the Plaintiff performed his duties satisfactorily and uneventfully.

12. On March 2, 2012, the Plaintiff was given a letter of termination. The letter stated, inter alia, that the Plaintiff's "services as a Security Officer are no longer needed.

13. The purported reason for the termination was, upon information and belief, that the Plaintiff was "in violation of the guidelines set forth in the G4S Security Handbook, page 28 paragraph titled orders, which states: Obey all orders promptly and inform your relief of all new orders issued." Plaintiff alleges said reason is pretexual as Plaintiff followed all orders and Defendant never articulated the specific order Plaintiff failed to obey.

14. Despite the fact that the Defendant knew of Plaintiff's learning disability ( a disorder in his ability in which one or more of the basic psychological processes involved in understanding or in using language manifest itself in the imperfect ability to listen, think, speak, read, write, or do mathematical calculations) they did not offer him a reasonable accommodation.

15. The Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC") on April 6, 2012. The plaintiff received a "Right to Sue" letter from the EEOC, dated July 17, 2012.

### First Cause of Action

16. The Plaintiff incorporates paragraphs one through 15.

18.     Because the Defendants terminated the Plaintiff without providing him with a reasonable accommodation as required by the ADA, the Defendants have violated 42 U.S.C.A. § 12112(b).

## Second Cause of Action

19. The Plaintiff incorporates paragraphs one through 18.

20.     By participating in a contractual or other relationship that had the effect of subjecting the Plaintiff to prohibited discrimination on the basis of disability, the Defendants have violated 42 U.S.C.A. § 12112(b).

## Third Cause of Action

21.     Plaintiff incorporates paragraphs one through 20.

22.     Because the Defendants terminated the Plaintiff's employment due to his disability, the Defendants have discriminated against the Plaintiff in violation of Tennessee Human Rights Act (TCA § 4-21-101, et seq).

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff requests the following relief:

(a) A declaration that the Defendants have violated pertinent sections the ADA and the Tennessee Human Rights Act (TCA § 4-21-101, et seq);

(b) An order permitting the Plaintiff to return to his former employment, or equivalent position, with the same benefits and seniority status which he possessed at the time he was terminated;

(c) Back pay from March, 2012 until such time as this action is resolved, pursuant to 42 U.S.C.A. § 2000e-5(g);

(d) Compensatory and punitive damages in the amount $3,500,00.00;

(e) A jury trial;

(f) Any other relief this court deems just and proper.

Dated: 10-3-12

Respectfully submitted,

_____
Sammie C. Simpson, III
5281 Fieldcrest Avenue
Memphis, Tennessee 38134
901-406-3828

5