## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| SAMMIE C. SIMPSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2875-STA-tmp |
| | ) | |
| G4S SECURE SOLUTION (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

### ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFENDANT'S MOTION TO DISMISS THE INITIAL COMPLAINT

---

On October 3, 2012, Plaintiff filed a *pro se* Complaint, alleging a claim of discrimination under the Americans with Disabilities Act ("ADA"). On November 5, 2012, the Court entered an order to issue and effect service of process (D.E. # 4). The United States Marshal filed an executed return of the summons (D.E. # 6), showing that Defendant was served on November 14, 2012. Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant's responsive pleading was due on or before December 6, 2012.[1] Defendant failed to file a responsive pleading by that date.

On December 6, 2012, Plaintiff filed a Motion for Entry of Default (D.E. # 7). Before the Clerk of Court take action to enter default, Defendant filed a Motion to Dismiss (D.E. # 8) the initial complaint for failure to state a claim on December 10, 2012. Entry of default never occurred, and

---

[1] Defendant has stated that its responsive pleading was due December 5, 2012. Def.'s Resp. in Opp'n Mot. for Entry Def. (D.E. # 25). However, the 21-day period in which Defendant had to respond began to run on November 15, 2012, the day after service, and closed on December 6, 2012.

1

Plaintiff's Motion for Entry of Default remains pending.  On January 2, 2013, Plaintiff filed an Amended Complaint (D.E. # 11) and a response in opposition to Defendant's Motion to Dismiss the initial complaint, arguing that the filing of his Amended Complaint rendered the Motion to Dismiss the initial complaint moot.  Thereafter, the parties participated in a scheduling conference on January 10, 2013 (D.E. # 12).

The Court holds that Plaintiff's Motion for Entry of Default (D.E. # 7) and Defendant's Motion to Dismiss (D.E. # 8) the initial complaint are now moot, and as such will be denied.  With respect to the Motion for Entry of Default, it is undisputed that Defendant did not file a responsive pleading within the deadline established by Rule 12(a).  Even if the Court granted Plaintiff's Motion on the grounds that Defendant was three days late in filing a responsive pleading, the Court finds that good cause would exist to set aside the default now.  To determine whether good cause exists, the Court must weigh three equitable factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside.[2]  The Court finds that the default was not the result of any culpable conduct on Defendant's part.  Counsel for Defendant claims he simply made a mistake in calculating the deadline for Defendant's response.  The Sixth Circuit has explained that "mere negligence or failure to act reasonably is not enough to sustain a default."[3]  Defendant has also

---

[2] *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although *United Coin* involved a Rule 60(b) motion to set aside default judgment, rather than a Rule 55(c) motion to set aside entry of default, the Court stated that "the three factors [] should be applied in both situations." *Id.* at 845.

[3] *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

raised a meritorious defense, meaning "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[4]  Here Defendant's Rule 12(b)(6) Motion argues that Plaintiff has not exhausted his administrative remedies for his ADA claim.  The Sixth Circuit has held that a defense need only be "good at law"[5] and present only "a hint of a suggestion which, proven at trial, would constitute a complete defense."[6]  Finally, there is no evidence here that Plaintiff has suffered prejudice.  In order to show prejudice, the plaintiff must show that Defendant's delay has resulted in one of the following: "loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion."[7]  Based on these factors, the Court would likely set aside any default even if Plaintiff's Motion for Entry of Default was granted.  Therefore, Plaintiff's Motion is **DENIED** as moot.

As for Defendant's Motion to Dismiss the initial complaint, the Court likewise holds that the Motion is moot.  It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[8]  Courts in this Circuit and others will deny Rule 12 motions as moot after a plaintiff subsequently files an amended complaint.[9]  Defendants' Motion to Dismiss

---

[4] *Id*. at 326 (quoting *Burrell*, 434 F.3d at 834).

[5] *Id*. (citing *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)).

[6] *Id*. (citation and quotations omitted).

[7] *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

[8] *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008).

[9] *E.g., Pinks v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Productive MD, LLC v. Aetna Health, Inc.*, No. 3:12-cv-00052, 2012 WL 1119654, at * 2 (M.D. Tenn. Apr. 3, 2012); *Dooley v. Byars*, No. 5:11-CV-153, 2012 WL 443470 (W.D. Ky. Feb. 10, 2012) *McCloy v. Correction Med. Servs.*, No. 07-13839, 2009 WL 190035, *2 (E.D. Mich. Jan. 27, 2009); *Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, *1 (E.D. Mich. Oct. 10, 2007); *Yates v.*

is directed at Plaintiffs' original *pro se* complaint. It is clear that Plaintiff filed his Amended Complaint in response to Defendant's Rule 12(b)(6) Motion. The Court would add that Defendant has since filed a second Rule 12(b)(6) motion to dismiss (D.E. # 15) the Amended Complaint, which remains pending. For these reasons, Defendants' Motion to Dismiss the initial complaint is **DENIED** as moot.

   **IT IS SO ORDERED.**

                                   **s/ S. Thomas Anderson**
                                   S. THOMAS ANDERSON
                                   UNITED STATES DISTRICT JUDGE

                                   Date: April 8, 2013.

---

*Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001); *Milton v. Chicago Park Dist.*, 151 F.3d 1053, *1 (7th Cir. 1998) (unpublished table decision).