# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SAMMIE C. SIMPSON, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-2875-STA-tmp |
| G4S SECURE SOLUTION (USA), INC., | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Before the Court is Defendant G4S Secure Solution (USA), Inc.'s Motion to Dismiss the Amended Complaint (D.E. # 15) filed on January 10, 2013. Plaintiff Sammie C. Simpson has filed *pro se* a response in opposition (D.E. # 19) to Defendant's Motion, and Defendant has filed a reply. (D.E. # 21).[1] For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On October 3, 2012, Plaintiff filed a *Pro Se* Complaint, alleging a claim of discrimination under the Americans with Disabilities Act ("ADA"). On December 10, 2012, Defendant filed a motion to dismiss (D.E. # 8) the initial complaint for failure to state a claim. On January 2, 2013, Plaintiff filed his Amended Complaint (D.E. # 11) and a response in opposition to Defendant's

---

[1] On March 22, 2013, Plaintiff filed a Motion to Strike Defendant's Reply (D.E. # 22), arguing that Defendant had not first sought leave from the Court to file its reply brief. Pursuant to Local Rule 12.1(c), "[l]eave of court is not required to file a reply to a response to a motion to dismiss." Therefore, Plaintiff's Motion to Strike is **DENIED**.

1

motion to dismiss the initial complaint, arguing that the filing of his Amended Complaint rendered the motion to dismiss the initial complaint moot. On April 8, 2013, the Court denied Defendant's motion to dismiss the initial complaint as moot as well as Plaintiff's motion for entry of default.

Plaintiff's Amended Complaint alleges that Defendant discriminated against him on the basis of race, sex, and disability and retaliated against him. Notably, the Amended Complaint alleges that "Plaintiff has fully exhausted all the administrative prerequisites to an action" by making an oral charge of discrimination on all of Plaintiff's claims. (Am. Compl. ¶ 4.) In its Motion to Dismiss the Amended Complaint, Defendant argues that Plaintiff has failed to exhaust his administrative remedies as to his claims for race and disability discrimination and retaliation. According to Defendant, Plaintiff never filed a charge of discrimination asserting any of these theories with the EEOC. Defendant contends that these claims are subject to dismissal for failure to exhaust administrative remedies. Next Defendant seeks dismissal of Plaintiff's sex discrimination claim. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC in April 2012, alleging sex discrimination in violation of Title VII and that Plaintiff received his right-to-sue letter as to this claim on July 17, 2012. Plaintiff had 90 days from the receipt of his right-to-sue letter in which to file his judicial complaint. However, Plaintiff did not allege sex discrimination in a judicial complaint until January 2, 2013, when Plaintiff filed his Amended Complaint. Defendant adds that Plaintiff's claim for sex discrimination should not relate back to the date of filing his initial complaint. Defendant argues that Plaintiff's sex discrimination claim is therefore time-barred. Defendant concedes that Plaintiff did file a charge with the Tennessee Human Rights Commission ("THRC") in March 2012, alleging sex discrimination and retaliation. However, Plaintiff's charge remains pending before the THRC. Therefore, Defendant argues that the Court should dismiss all

claims in Plaintiff's Amended Complaint.

Plaintiff has filed *pro se* a response in opposition as well as a declaration.[2]  Plaintiff states that he went to the EEOC on April 6, 2012, to file his charge of discrimination.  Plaintiff asserts that he requested that EEOC investigator Margie Toson ("Toson") fill out his charge of discrimination for him.  Plaintiff claims that he informed Toson he was dismissed from his job because of his disability.  Specifically, Plaintiff told Toson that he was dismissed for failing to complete paperwork properly but that a female security guard had also failed to complete paperwork properly.  Based on these facts, Plaintiff argues that he exhausted his administrative remedies for his disability discrimination claim.

Defendant has filed a reply brief.  Defendant reiterates its position that Plaintiff failed to exhaust his administrative remedies for his claim of disability discrimination.  Defendant contends that Plaintiff's disability claim could not have reasonably been expected to grow out of his charge of sex discrimination.  Defendant points out that Plaintiff did not check the box on his charge form for a disability claim and did not refer to disability discrimination in the narrative section of his charge form.  Defendant also argues that there is no evidence Plaintiff mentioned disability discrimination during an interview with the EEOC investigator.  Defendant has obtained a partial copy of the EEOC investigative file and attached it as an exhibit to its reply.  According to the file, Plaintiff checked "no" on the portion of the intake form asking whether he was disabled.  Therefore, Plaintiff's Amended Complaint should be dismissed for failure to exhaust administrative remedies.

---

[2] The Court notes that counsel filed a notice of appearance on behalf of Plaintiff on April 1, 2013.  To date Plaintiff's attorney has not filed any other papers with the Court.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[3] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[5]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[7] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[8]

---

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[8] *Twombly*, 550 U.S. at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

### ANALYSIS

The Court holds that Plaintiff's Amended Complaint fails to state a claim. As an initial matter, both parties have presented materials outside of the pleadings. Plaintiff has attached a declaration to his response, explaining what he told the EEOC investigator who assisted him in preparing his EEOC charge form. Defendant has produced a redacted copy of the EEOC investigative file for Plaintiff's administrative charge. Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.[10] The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(b)(6) to dismiss.[11] The Court finds that it is need not take up these exhibits to resolve the issues presented in Defendant's Rule 12(b)(6) Motion. Therefore, the Court declines to consider them.

The Court will consider Plaintiff's charge of discrimination as part of its Rule 12(b)(6) analysis. In assessing the sufficiency of the pleadings, it is proper for the Court to take into account any exhibits attached to the pleadings, exhibits included with the motion to dismiss (as long as the pleadings refer to the exhibits and the exhibits are central to the plaintiff's claims), and public

---

[9] *Iqbal,* 556 U.S. at 678.

[10] Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Serv., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) (citing *Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008)).

[11] *Jones*, 521 F. 3d at 561.

records of which the Court can take judicial notice.[12] EEOC charges and related documents like right-to-sue letters qualify as public records.[13] Therefore, the Court will consider Plaintiff's charge of discrimination without converting Defendant's Motion to a motion for summary judgment.

**I. Waiver**

Before reaching the merits of Plaintiff's pleadings, the Court holds that Plaintiff has waived some of the issues presented in Defendant's Motion to Dismiss. The Sixth Circuit has held that a party's failure to respond to or oppose an issue raised in a Rule 12(b)(6) motion may result in waiver of the issue.[14] Plaintiff's response brief addresses only Defendant's argument that Plaintiff failed to exhaust his administrative remedies as to his claim for disability discrimination. Plaintiff has not responded to Defendant's argument that Plaintiff did not exhaust his claim for race discrimination or that Plaintiff brought his claim for sex discrimination more than 90 days after he received his right-to-sue letter from the EEOC. Plaintiff's failure to address these issues in his response constitutes a waiver of the claims. Therefore, Defendant's Motion to Dismiss Plaintiff's claims for race and sex discrimination will be **GRANTED** for this reason alone.

Likewise, Plaintiff has not addressed Defendant's argument that he failed to exhaust his claim for retaliation. However, Defendant has conceded that Plaintiff filed a charge with the THRC asserting this claim and that the charge remains pending before the THRC. Under the circumstances,

---

[12] *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

[13] *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005) (McCalla, C.J.).

[14] *E.g. Allstate Ins. Co. v. Global Med. Billing, Inc.*, No.12-1263, 2013 WL 1405142, *3 (6th Cir. Apr. 8, 2013); *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

the proper remedy is dismissal of the claim without prejudice.[15] Therefore, Plaintiff's claim for retaliation is dismissed without prejudice.

## II. Failure to Exhaust Administrative Remedies

With respect to Plaintiff's claim for discrimination under the ADA, the Court holds that Plaintiff has failed to exhaust his administrative remedies. Generally a Title VII plaintiff cannot allege claims in a lawsuit that were not first raised in an EEOC charge.[16] It is well-settled that a failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a discrimination claim .[17] Plaintiff does not dispute that his written charge includes no allegation of disability discrimination. Plaintiff simply argues that his statements to the EEOC investigator are sufficient to satisfy the exhaustion requirement, whether the investigator reduced Plaintiff's claim to writing in the formal charge or not. Plaintiff cites no authority for this proposition. Title VII specifically requires that EEOC charges must be in writing.[18] The Sixth Circuit has never addressed this precise issue. The Seventh Circuit has concluded that oral communications with the EEOC are no substitute for a written charge of discrimination.[19] In *Vela*, the plaintiff orally reported the facts

---

[15] *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003) ("Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies.").

[16] *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 627 (6th Cir. 2013) (*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)).

[17] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

[18] 42 U.S.C. § 2000e–5(b).

[19] *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664–65 (7th Cir. 2000) (holding that oral communications with an EEOC intake officer were insufficient to preserve a claim not contained in the EEOC charge); *see also Brown v. Montgomery Surgical Ctr.*, 2:12-CV-553-WKW, 2013 WL 1163427, at *12 (M.D. Ala. Mar. 20, 2013); *Mazur v. City of Chicago*, No. 11 C 5546, 2012

of her sexual harassment claim to an EEOC intake officer.[20] According to the plaintiff, the EEOC officer failed to record the information when he typed up the charge form.[21] The Seventh Circuit held that an oral charge did not satisfy the statutory requirement for a charge to be in writing and under oath and would also fail to give the employer notice of the claim during the administrative process.[22] Although the *Vela* decision is not binding authority, the Court finds the Seventh Circuit's reasoning persuasive. Plaintiff's disability claim is subject to dismissal for this reason alone. Therefore, Defendant's Motion is **GRANTED** as to this issue.

### III. Expected Scope of the Investigation

Defendant offers the additional argument that Plaintiff's disability and race discrimination claims could not reasonably be expected to grow out of the written charge Plaintiff actually made. According to Defendant, Plaintiff did not check the box for disability or race discrimination on the EEOC charge form. Plaintiff's narrative refers only to his alleged failure to follow procedures as the reason for his termination and blames this on his gender. The Court has already dismissed Plaintiff's disability and race discrimination claims on other independent grounds. Even so, the Court holds that Plaintiff has failed to state his disability and race discrimination claims for this alternative reason as well.

Under the "expected scope of investigation test," a plaintiff may bring suit alleging a discrimination claim which was not disclosed in an EEOC charge but only if the charge sets forth

---

WL 138604, at *3 (N.D. Ill. Jan. 18, 2012).

[20] *Vela*, 218 F.3d at 665.

[21] *Id.*

[22] *Id.* (citing 42 U.S.C. § 2000e-5(b)).

facts which should have prompted the EEOC to investigate the different, uncharged claim.[23] Based on the facts included in the written charge, the Court holds that an investigation of Plaintiff's claims for disability and race discrimination could not reasonably be expected to grow out of his charge. The whole of Plaintiff's charge narrative reads as follows:

> In November 2011 I was hired with the above named employer. I held the position of Security Guard. On March 1, 2012, I was discharged. The reason given for my discharge was violation of the guidelines set forth in the G4S Security Officer Handbook (obey all orders promptly and inform your relief of all new orders issued). A female Security Officer (Vanessa Ray) has violated several rules and she is still employed.
>
> I believe I have been discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.[24]

Based on this brief factual summary, Plaintiff clearly stated the basis for his sex discrimination claim. However, none of the facts recited relate in any way to Plaintiff's alleged disability or discrimination on the basis of his race.[25] The Court holds then that Plaintiff's charge would not prompt the EEOC to investigate a possible disability or race claim in this case. Therefore, for this independent reason, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's disability and race claims.

**IV. Timeliness**

---

[23] *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (citing *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 380 (6th Cir. 2002)).

[24] Charge of Discrimination (D.E. # 15-2).

[25] Even though Plaintiff's THRC charge is still before the THRC, the Court notes that his type-written narrative attached to that charge describes his conversation with a supervisor leading up to his termination and then concludes with his belief that Defendant engaged in "gender abuse, sex based discrimination, work place retaliation, and wrongful termination." THRC Charge (D.E. # 15-3).

9

Finally, Defendant argues that Plaintiff's sex discrimination claim is now time-barred because Plaintiff first alleged the claim in a judicial complaint more than 90 days after he received his right-to-sue letter from the EEOC. The Court has already held that Plaintiff has waived this claim due to his failure to address it in response to the Motion to Dismiss. In the alternative, the Court holds that the claim is untimely. "A Title VII plaintiff ordinarily must file a civil action within ninety days of receiving a notice of dismissal and right to sue from the [EEOC]."[26] The 90-day filing period applies to all plaintiffs, including those who act *pro se*, and "so much as one day's delay is fatal to a claim."[27] In this case Plaintiff's right-to-sue letter (D.E. # 15-4) on his sex discrimination claim was dated July 17, 2012, and Plaintiff filed his initial complaint alleging disability discrimination on October 3, 2012. It is undisputed that Plaintiff's initial pleading was filed within 90 days of his receipt of the right-to-sue letter. However, Plaintiff did not raise his claim for sex discrimination until he filed his Amended Complaint on January 2, 2013, almost five months after the EEOC issued a right-to-sue letter. Other members of this Court have dismissed discrimination claims as untimely under nearly identical circumstances.[28] Therefore, Defendant's Motion is **GRANTED** as to Plaintiff's claim for sex discrimination for this additional reason.

---

[26] *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citing *See* 42 U.S.C. § 2000e-5(f)(1)).

[27] *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 944–45 (W.D. Tenn. 2001) (Donald, J.).

[28] *Simns v. Maxim Healthcare Servs., Inc.*, No. 11-1052, 2013 WL 435293, at * 4 (W.D. Tenn. Feb. 4, 2013) (Breen, J.); *Reynolds v. Solectron Global Servs.*, 358 F. Supp. 2d 688, 693 (W.D. Tenn. 2005) (McCalla, C.J.).

## CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims for discrimination on the basis of disability, race, and sex are dismissed with prejudice. Plaintiff's claim for retaliation is dismissed without prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 13, 2013.